# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 24, 2002 Session

## STATE OF TENNESSEE v. DIANNA HELTON HORD

### Appeal from the Circuit Court for Blount County
### No. C-13035, 36     D. Kelly Thomas, Jr., Judge

### No. E2002-00070-CCA-R3-CD
### October 30, 2002

The Defendant, Dianna Helton Hord, pled guilty to driving under the influence and driving on a revoked license. As part of her plea agreement, she expressly reserved with the consent of the trial court and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question of law stems from the trial court's denial of the Defendant's motion to suppress. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

George H. Waters, Assistant Public Defender, Maryville, Tennessee, and Julie A. Rice, Knoxville, Tennessee, for the appellant, Dianna Helton Hord.

Paul G. Summers, Attorney General and Reporter; Elizabeth G. Marney, Assistant Attorney General; Mike Flynn, District Attorney General; and William Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant argues one issue in this appeal: whether the trial court erred in overruling the Defendant's motion to suppress because the stop of her vehicle by the police violated her constitutional right to be free from an unreasonable seizure.

On July 27, 2000, at around 12:00 a.m., Blount County Deputy Sheriff Alan Russell was dispatched to investigate a complaint about a prowler around a barn. Deputy Russell drove to the scene, which consisted of an upper and lower driveway with mobile homes along each and a barn in between. Upon pulling into the upper driveway, Officer Dawn Maynor, a trainee who was riding with Deputy Russell, saw a man near the barn. The man fled, and the officers pursued on foot.

When they caught the man, they began talking to him, trying to ascertain what he was doing in the area. During the conversation, Deputy Russell saw a car driving across the grassy area near the barn from where the man had just fled. Russell chased the car on foot and shone his flashlight in the window. After the car reached the public road, it stopped, and Russell determined the driver to be the Defendant. At that point, the Deputy developed further suspicions that led to the Defendant being arrested for driving under the influence and driving on a revoked license.

The Defendant filed a motion to suppress the evidence that was obtained as a result of the stop. The Defendant asserted that Deputy Russell's stop of her car violated her rights against unreasonable searches and seizures pursuant to Article I, Section 7 of the Tennessee Constitution and the Fourth Amendment to the United States Constitution because Deputy Russell had neither probable cause nor a reasonable suspicion to believe that she was engaged in criminal conduct. The trial court overruled the Defendant's motion to suppress, and she pleaded guilty to driving under the influence and driving on a revoked license. However, she expressly reserved the right to appeal a certified question of law. The judgment entered in the trial court states the question as "[w]hether the officer's conduct violated the Defendant's rights under Article I, Section 7 [of the Tennessee Constitution] or the Fourth Amendment [to the United States Constitution] when the officer initially caused the Defendant to stop her moving vehicle and encounter the officer." The judgment further sets forth the reasons relied on by the Defendant at the suppression hearing and the reasons why the issue is dispositive of the case.

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if
> (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
> . . .
> (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court set forth the following prerequisites for appellate review of certified questions pursuant to this Rule of Criminal Procedure:
> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the

certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. . . . No issue beyond the scope of the certified question will be considered.

Id. at 650; see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996); State v. Irwin, 962 S.W.2d 477, 478-79 (Tenn. 1998). The prerequisites for the consideration of the merits of a certified question of law as required by Preston having been met, we begin our analysis of whether Deputy Russell's stop of the Defendant's car was unconstitutional and whether the trial court erred by denying the Defendant's motion to suppress.

We must first determine whether the detention of the Defendant by Deputy Russell amounted to a seizure. If so, we must then determine whether Deputy Russell possessed an articulable, reasonable suspicion for an investigatory stop under Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), and its progeny. In Terry, the Supreme Court stated that not every encounter between a policeman and a citizen is a seizure. 392 U.S. at 19 n.16. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Id. In United States v. Mendenhall, 446 U.S. 544, 64 L. Ed. 2d 497, 100 S. Ct. 1870 (1980), the Supreme Court stated, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." 446 U.S. at 554.

In this case, the deputy observed the Defendant's car driving across the grassy area in front of the barn from where the subject he was detaining had just fled. He ran after the vehicle, shining his flashlight in the window in order to have the Defendant stop her car. At that point, the Defendant stopped her vehicle, and Deputy Russell inquired about who she was and what she was doing there. We conclude that the stop of the Defendant's vehicle was a seizure under both the United States and Tennessee Constitutions.

Next, we must determine whether Deputy Russell possessed an articulable, reasonable suspicion for an investigatory stop under Terry v. Ohio. Police may constitutionally initiate an investigatory stop of an automobile if they have reasonable suspicion, supported by specific and articulable facts, that the occupant of the vehicle has either committed a criminal offense or is about to commit a criminal offense. See State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998). When evaluating whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. See State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).

Deputy Russell had received an order from dispatch around midnight to investigate the presence of a prowler in an area containing a barn and several mobile homes. Upon arriving at the

scene, his trainee observed a man near the barn. The man immediately fled, and both officers gave pursuit on foot. Ultimately the officers caught the subject and were asking him what he was doing, when Deputy Russell noticed a car driving across the grassy area from where their subject had fled. Given the totality of the circumstances — the late hour, the report of a prowler, the flight of the male subject, and the appearance of the Defendant's car driving across the grass where the officers had just chased the subject — we conclude that Deputy Russell's suspicion that the Defendant was involved in some sort of criminal activity was reasonable. As the trial judge stated, the officers may have been derelict in their duty had they not stopped the vehicle. Therefore, the stop of the Defendant was not a violation of her rights under either the United States Constitution or the Tennessee Constitution, and the trial court did not err by overruling her motion to suppress the evidence obtained as a result of the stop.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE