# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## June 21, 2011 Session

## STATE OF TENNESSEE v. CAROL ANN TULLY

### Direct Appeal from the Criminal Court for Davidson County
### No. 2009-C-2407    Mark J. Fishburn, Judge

---

### No. M2010-02398-CCA-R3-CD - Filed March 30, 2012

---

Defendant, Carol Ann Tully, pled nolo contendere to DUI, first offense, and properly reserved a certified question of law to appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), after her motion to suppress evidence was denied. Defendant asserts that there was not a valid basis for the traffic stop which directly led to her arrest and that she was therefore subjected to an unconstitutional stop and seizure. After a review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and CAMILLE R. MCMULLEN, J., joined.

Wendy S. Tucker, Nashville, Tennessee, for the appellant, Carol Ann Tully.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rebecca Valiquette, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Defendant was indicted by the Davidson County Grand Jury for one count of driving under the influence of an intoxicant (DUI) "by impairment," Tennessee Code Annotated section 55-10-401(a)(1) (2008 Repl.) and for one count of DUI *per se*, Tennessee Code Annotated section 55-10-401(a)(2) (2008 Repl.). Both counts involved the same incident which occurred in the early morning hours of February 19, 2009, on Broadway Avenue in Nashville. After the trial court denied her motion to suppress all evidence obtained as a

result of the stop, Defendant entered a plea of nolo contendere to DUI by impairment, reserving the following certified question of law which is dispositive of the case:

> Whether law enforcement's stop of Ms. Tully's vehicle was unlawful in violation of the 4th Amendment to the United States Constitution and Article I, Section Seven of the Tennessee Constitution, as the State was unable to establish by clear and convincing evidence that there was a valid basis for the stop, thus requiring suppression of the evidence discovered pursuant to the unconstitutional stop and subsequent seizure of Ms. Tully.

The charge of DUI *per se* was dismissed. Defendant's motion to suppress was based upon her assertion that the police officer who stopped Defendant, when she was driving on Broadway Avenue in Nashville, "did not have the requisite reasonable suspicion to stop [Defendant]." In conjunction with, and relevant to the motion to suppress, Defendant filed a motion in limine prior to the suppression motion hearing. In the motion in limine, Defendant sought to exclude all the testimony of the arresting officer pertaining to his stop of Defendant's vehicle on the night of her arrest. As a basis for this assertion, Defendant set forth that the arresting officer had testified at Defendant's preliminary hearing in General Sessions Court and had

> (1)　conceded he had no independent recollection of the facts of the stop of Defendant's vehicle, and that he relied on his "report" to testify to those facts; and

> (2)　testified there was not a video recording of the stop and "that the only 'memory' of the report [sic] was his report";

Defendant argued that Tennessee Rule of Evidence 602 prohibits a witness from testifying as to a matter unless there is some evidence the witness has personal knowledge of the matter. She asserted that since the arresting officer testified that he had no personal knowledge of the facts involving his stop of Defendant's vehicle, Rule 602 "prohibits his testimony regarding any of those alleged facts." A transcript purporting to be of the preliminary hearing was attached to and filed with Defendant's motion in limine, but was not made an exhibit at the suppression hearing. However, in its order denying the suppression motion, the trial court referred to the arresting officer's preliminary hearing testimony. The transcript is part of the "technical record" on appeal. Therefore, we will take into consideration the officer's testimony in General Sessions Court even though the transcript was not made an exhibit. *See State v. Smotherman*, 201 S.W.3d 657, 661 (Tenn. 2006).

The officer who stopped Defendant and ultimately arrested her was Officer Jessie Loy of the Metro Nashville Police Department DUI Enforcement Unit. As pertinent to the issue in this appeal, Officer Loy testified as follows at the preliminary hearing in General Sessions Court. On direct examination by the State, Officer Loy testified that on February 19, 2009, he stopped Defendant because he observed her driving on Broadway Avenue in Nashville, at a speed over the speed limit, specifically 38 m.p.h. in a 30 m.p.h. zone. His observations of Defendant after the stop resulted in Defendant's arrest for DUI.

On cross-examination, Officer Loy testified that the stop occurred at approximately 2:31 a.m. In addition to acknowledging that he used his written report to refresh his memory about the time of the stop, Officer Loy admitted that he had used the report to refresh his memory "about everything" he had testified to at the hearing. He admitted that he did not recall "a lot of details" about the stop.

Officer Loy reiterated that Defendant was stopped "for going thirty-eight in a thirty." He added that he did not write a speeding ticket because he normally did not do so when he made an arrest for DUI. When asked if Defendant's speed of 38 m.p.h. was detected by radar, he responded, "I don't recall if it was radar or if I paced her." He could not recall whether he was moving his patrol car in the same direction as Defendant's vehicle or in the opposite direction of Defendant's vehicle when he first saw Defendant at Twelfth Avenue and Broadway. Officer Loy ultimately stopped Defendant approximately nine blocks away at Third Avenue and Broadway.

At the suppression hearing in Criminal Court, Officer Loy testified on direct examination by the State that he made contact with Defendant on February 19, 2009, when he was on Broadway and he "observed a vehicle traveling eastbound on Broadway. Broadway is a 30 mile an hour posted speed zone. I observed a vehicle traveling at 38 miles an hour, and I believe that speed was confirmed with my radar that was in the car." Officer Loy admitted that at Defendant's preliminary hearing in General Sessions Court, he did not have a clear memory of *how* he determined the speed Defendant was driving. He explained his better memory at the suppression hearing by testifying that

> [b]ecause after I realized what the issues were coming about, I sat down and I thought about it, I just basically gave it a lot of serious thought and determined that it was the moving radar in my vehicle that I would have probably used to be able to determine the speed of the vehicle.

He testified that he stopped Defendant based solely upon the excessive speed she was driving, that he would never just guess that a vehicle was moving 38 m.p.h., and that whatever he used to confirm a suspicion that a vehicle was moving at an excessive speed (i.e.

to determine the precise speed) would be a method approved by the Metro Police Department. When Defendant submitted to a breath test, the result came back that her blood alcohol content was 0.186.

Pertinent to the issue in this appeal, Officer Loy testified on cross-examination in Criminal Court that he used his incident report to prepare for his testimony. He had not reviewed his preliminary hearing testimony prior to the suppression hearing, and could not remember testifying in the preliminary hearing that he was unable to recall whether he used a radar or paced Defendant's vehicle to determine the speed she was driving. The following transpired during Officer Loy's cross-examination by Defendant's counsel at the suppression hearing:

> Q.  Okay. And just a few minutes ago when you said that you thought hard about it, the words you used I believe was that you probably used radar, correct?
>
> A.  It would have been either radar or would have been paced, but I believe it was radar.
>
> Q.  But you don't remember?
>
> A.  I don't remember a hundred percent, that's correct.
>
> Q.  And our report does not reflect whether you used the radar or whether you paced her, correct?
>
> A.  That's correct.
>
> Q.  All right. So, there is no independent memory on your part as to why you stopped the car - as to what means you used to determine the probable cause to stop the car.
>
> A.  If it was either radar or pacing?
>
> Q.  Right, you don't know which one you used?
>
> A.  I don't think it was pacing, I believe it was radar, but I can't say 100 percent for sure, but I believe it was radar.

Q. Okay. And nothing in your report helps refresh your memory as to which one it was, right?

A. That's correct, I didn't - I didn't list that part in my report.

The officer's testimony at the suppression hearing concluded with the following exchange during cross-examination:

Q. But not to beat a dead horse, but you can't tell this Judge with any certainty what you based your stop on, how you determined the speed that you believed was probable cause, correct, whether it was pacing or radar, you can't tell us?

A. To say 100 percent without a doubt, no, but I can say I'm almost definite it was using the radar.

Q. You're almost definite, is that – that's your testimony?

A. Correct, I'm almost definite it's radar, but I can't remember 100 percent for sure.

In its order denying Defendant's motion to suppress, the trial court stated the following,

Officer [Loy] has acknowledged that he lacks independent knowledge of many of the events because his memory has failed him. He stated that in preparation of the preliminary hearing and the present evidentiary hearing, he reviewed his report to refresh his memory. Officer [Loy] has stated that he is not absolutely certain that on the night in question, he used the radar detector to objectively confirm that [Defendant] was speeding. However, he is not merely speculating to the events. Officer [Loy] stated that when he suspects a vehicle of speeding, he confirms his suspicions by the use of radar, pacing or some other objective manner. Officer [Loy] is confident that he used the radar detector to confirm his suspicion that [Defendant] was speeding. Therefore, the Court is satisfied that probable cause was established before Officer [Loy] effectuated the traffic stop. [Defendant's] motion to suppress all evidence, in particular Officer [Loy]'s testimony, is respectfully denied.

**Analysis**

We first note two matters pertaining to Defendant's statement(s) of the issue on appeal. First, in her brief, she presents the issue somewhat differently than how the issue is described in the order incorporated by the judgment pursuant to Tennessee Rule of Criminal Procedure 37(b). In her brief, the issue is stated as being:

> Did the trial court err in failing to grant the Appellant's motion to suppress evidence seized as a result of the stop of Appellant's vehicle, when the record is devoid of competent evidence to establish the requisite reasonable suspicion for the stop?

As noted above, the certified question of law reserved for appeal in this case is as follows:

> Whether law enforcement's stop of [Defendant's] vehicle was unlawful in violation of the 4[th] Amendment to the United States Constitution and Article I, Section Seven of the Tennessee Constitution, as the State was unable to establish by clear and convincing evidence that there was a valid basis for the stop, thus requiring suppression of the evidence discovered pursuant to the unconstitutional stop and subsequent seizure of [Defendant].

We have no option other than to strictly limit our review to the precise issue certified as the question of law reserved for the appeal. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008) ("As we have stated repeatedly, no issue beyond the scope of the certified question will be considered."); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988); Tenn. R. Crim. P. 37(b)(2)(A)(ii)("the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved").

We deem it appropriate to quote from a portion of a footnote in our Supreme Court's opinion in *Day*:

> When crafting a certified question, both the defendant and the State would be prudent to review [Tennessee Rule of Criminal Procedure 37(b)(2)(A)], craft the certified question to [ensure] that it meets each of the requirements delineated in subsection (b)(2)(A)(i)-(iv) of the Rule, and analyze whether the issue as stated in the judgment order is broad enough to meet the intent of both parties. Although the burden is on the defendant/appellant to see that these prerequisites are in the final order, *Pendergrass*, 937 S.W.2d at 837, the State/appellee would be prudent to review the certified question as

well because, as it did in this case, a certified question too narrow in scope may work to the State's detriment.

*Day*, 263 S.W.3d at 900, n. 8.

With consideration of the limitations imposed by the above case law and Rule, we now turn our review to the precise issue reserved by the parties in this appeal. Initially, we observe that the certified question incorrectly presents the burden of proof placed upon the State to justify the warrantless stop of a vehicle. The State is not required "to establish by clear and convincing evidence that there was a valid basis for the stop."

In *State v. Paul Dotterweich*, No. E2004-02839-CCA-R3-CD, 2005 WL 1919780 (Tenn. Crim. App. Aug. 10, 2005), *no perm. app. filed*, the defendant was stopped while driving a vehicle that was leaving an apartment complex parking lot. In that case, which was also appealed as a certified question of law, the defendant asserted that his motion to suppress evidence should have been granted because of an unlawful investigatory stop by the police. In discussing the burden placed upon the State to justify such warrantless stops, this Court stated,

> Determining whether or not reasonable suspicion existed in a particular stop "is a fact-intensive and objective analysis." *Garcia*, 123 S.W.3d at 344. The likelihood of criminal activity required for reasonable suspicion is clearly not as great as that required for probable cause, and is "considerably less" than would be needed to satisfy a preponderance of the evidence standard. *United States v. Solow*, 490 U.S. 1, 7 (1989); *see also State v. Keith*, 978 S.W.2d 861, 866 (Tenn. 1998).

> When evaluating whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court "must consider the totality of the circumstances." *State v. Hord*, 106 S.W.3d 68, 71 (Tenn. Crim. App. 2002). This inquiry looks to such factors as the public interest served by the seizure, the nature and scope of the intrusion, and the objective facts on which the law enforcement officer relied in light of experience. *See State v. Pulley*, 863 S.W.2d 29, 30-31 (Tenn. 1993). The objective facts on which an officer relies can include, but are not limited to, his or her own observations, information obtained from other officers or agencies, offenders' patterns of operation, and-most crucial in this case-information from informants. *See State v. Lawson*, 929 S.W.2d 406, 408 (Tenn. Crim. App. 1996).

*Id.*, at *5.

Under the tests set forth in *Paul Dotterweich*, the State in the case *sub judice* established by a totality of the circumstances a reasonable suspicion of criminal activity by Defendant -- Officer Loy steadfastly maintained throughout his testimony in both the preliminary hearing *and* the suppression hearing that Defendant was speeding in violation of the law, driving 38 m.p.h. in a 30 m.p.h. zone. Thus the issue actually reserved for appeal results in our conclusion that Defendant is not entitled to relief.

This brings us to the precise issue Defendant *desires* to present on appeal. Defendant has asserted in her motion in limine filed in the trial court, and in her brief on appeal, that Officer Loy should not have been permitted to testify as to any observations he had of Defendant's vehicle prior to his stop of the vehicle, pursuant to the provisions of Tennessee Rule of Evidence 602.

This precise issue is simply not included in any shape or form within the stated certified question of law reserved for appeal. One cannot read the stated certified question and even get a hint that an issue involving a specific rule of evidence even *might* be involved. The issue Defendant wants to present is not included within the certified question of law, as per our Supreme Court's opinion in *Day*, and pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A)(ii).

In the event of further review in this case, we will address the issue Defendant primarily argues on appeal. Basically, Defendant asserts that because Officer Loy did not positively state by what method he determined the 38 m.p.h. speed of Defendant's car, and whether he was driving in the same direction or the opposite direction of Defendant when he first observed her, then his testimony of all events leading up to the stop of Defendant's vehicle was inadmissible pursuant to Tennessee Rule of Evidence 602.

That rule provides as follows:

> **Rule 602. Lack of personal knowledge.** – A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *Evidence to prove personal knowledge may, but need not, consist of the witness's own testimony.* This rule is subject to the provisions of Rule 703 relating to opinion testimony by expert witnesses.

Tenn. R. Evid. 602. (Emphasis added).

Officer Loy testified at the suppression hearing that he saw Defendant driving her vehicle on Broadway Avenue at a speed of 38 m.p.h. He testified that he believed he

obtained the precise speed by use of the radar in his patrol vehicle, but he was not "100 percent for sure." He also testified that if it was not by radar, he determined the speed by pacing Defendant's vehicle with his patrol car. Officer Loy's testimony clearly proved his personal knowledge of the events leading up to the stop. Defendant equates a slight amount of uncertainty in a witness's memory with a lack of personal knowledge of a matter to which the witness testifies. This is simply not the test, and Defendant's reliance upon Tennessee Rule of Evidence 602 is misplaced. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, JUDGE